Filed 6/17/15  P. v. Nicolas CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>FELIX FEDERICO NICOLAS, JR.,<br><br>  Defendant and Appellant. | 2d Crim. No. B254334<br>(Super. Ct. No. 1350158)<br>(Santa Barbara County) |

Felix Federico Nicolas, Jr. appeals his conviction, by jury, of two counts of solicitation of murder (Pen. Code, § 653f, subd. (b));[1] two counts of forcible lewd act upon a child (§ 288, subd. (b)(1)); two counts of aggravated sexual assault of a child, oral copulation (§ 269, subd. (a)(4)); four counts of aggravated sexual assault of a child, forcible rape (§ 269, subd. (a)(1)); four counts of aggravated sexual assault of a child, sexual penetration (§ 269, subd. (a)(5)); one count of oral copulation of a child under the age of 14 (§ 288a, subd. (c)(1)); and one count of attempted sodomy of a person under 18.  (§§ 664/286, subd. (b)(1).)  The trial court sentenced appellant to state prison for a determinate term of 11 years, 4 months on the solicitation of murder counts, and an indeterminate term of 195 years to life on the remaining counts.  Appellant contends the trial court erred in admitting unduly prejudicial evidence of uncharged sex offenses under

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

Evidence Code section 1108 and that Evidence Code section 1108 violates his due process and equal protection rights. We affirm.

*Facts*

Jane Doe 1 and Jane Doe 2 are sisters who lived in Santa Maria with their mother, M. M. worked at a low-wage job and the family moved frequently, from one motel, apartment or rented room to another. Between about 1998 and 2003, the family often shared their motel room or other housing with appellant and his then wife, Hope Costello. The children referred to appellant as "Daddy Nick." He told the girls that he was their godfather. He would live with them, move out for awhile and then move back in with the family.

Jane Doe 1 was 9 years old when appellant began sexually abusing her. For the next four years, appellant regularly abused Jane Doe 1 by touching her vagina and breasts, orally copulating her, forcing her to orally copulate him, digitally penetrating her, raping her and sodomizing her. Jane Doe 1 described 11 specific sexual assaults perpetrated against her by appellant; she also testified that appellant had molested her "too many times to count." These sexual assaults occurred when M. was at work and the girls were being watched by appellant. She never told anyone about the abuse because appellant told her "they" would be mad at her and that people would be jealous.

Appellant's sexual abuse of Jane Doe 1 stopped in 2003, when she turned 13 and ran away from home. In 2011, Jane Doe 1 had a weekend visit with her family in Santa Maria while she was participating in a drug rehabilitation program. There, she learned that appellant had moved back to Santa Maria and was asking about her. This news scared Jane Doe 1. She went to the police and reported appellant's abuse.

Jane Doe 2 described two specific incidents during which appellant digitally penetrated her. The first occurred when Jane Doe 2 was 8 years old. The second incident occurred when she was 9 or 10 years old. Appellant told Jane Doe 2 she would get in trouble if she told anyone what he had done.

Two other women testified they had been molested by appellant when they were children. Christina J. testified that she was 13 years old when she met appellant.

2

Appellant forcefully pulled Johnson onto his lap and tried to kiss her. She told him to let her go and, after a few moments, he did. Tara T. testified that appellant was her godfather. When she was in the fourth grade, Tara's mother dropped her and her sister off at an apartment in Santa Maria where they were supposed to stay with appellant. Appellant took her into a bedroom, closed the door and then raped her on the bed. A few days later, he raped her again, under similar circumstances. On various occasions, appellant would wear a large jacket, put Tara on his lap and touch her vagina with his finger. A year or two later, Tara reported the rapes to a school counselor. The incidents were investigated, but charges were not filed against appellant.

Appellant was incarcerated in the Santa Barbara County jail. While in custody, appellant asked another inmate, Charles Chauff, if he had connections on the outside because he wanted to have two sisters killed so they could not testify against him. He offered to give Chauff the pink slip to his Cadillac as collateral. Chauff reported this conversation to jail officers and agreed to wear a wire in jail. The first time Chauff wore the wire to record a conversation with appellant, jail officials forgot to turn it on. He returned to appellant's cell about an hour later and talked with appellant again. This time, the wire recorded appellant planning to have Jane Doe 1 and Jane Doe 2 murdered. Chauff suggested they should kidnap the girls, drug them and take them to Mexico where they would make money for someone. Appellant seemed to like that idea. They also discussed feeding the girls to sharks or alligators, injecting them with battery acid, giving them drugs laced with battery acid or some other poison, draining their car of brake fluid or pushing it in front of a train. When Chauff suggested disposing of the girls' bodies by feeding them to mountain lions, appellant said that the mountain lions would not eat the bones. Appellant never told Chauff that he had changed his mind about the murders.

Appellant also gave a videotaped interview to the investigating officer, Paul Van Meel. He admitted that he had shared motel rooms and other housing with M., Jane Doe 1 and Jane Doe 2 but denied that he ever touched the children in a sexual way. Appellant said his feelings about Jane Doe 1 turned into "sexual love," and that she had a crush on appellant. They used to hug and cuddle a lot, and engage in "heavy petting," but

3

not sex because she was not yet 18 years old. Also, appellant said he could not get an erection because he was "too high" on methamphetamine. Jane Doe 1 tried to seduce appellant a couple of times, but he told her no. Nothing ever happened with Jane Doe 2 because they were "too different."

The defense theory at trial was that appellant could not have committed the sexual assaults because he was either incarcerated, living in Idaho or living somewhere else when the assaults occurred. Appellant testified that he moved frequently during the time Jane Doe 1 and Jane Doe 2 claimed to have been molested. He did not see them for months at a time during that period. Appellant also testified that he lied during his interview with Det. Van Meel because he was "pissed off" at him. He answered many of the questions with what he thought the detective wanted to hear. Appellant admitted that he asked Chauff to have Jane Doe 1 and Jane Doe 2 killed. He knew that it was wrong of him to do so.

*Discussion*

Appellant contends the trial court erred when it admitted evidence of his uncharged sex crimes against Christina J. and Tara T. because that evidence was unduly prejudicial. (Evid. Code, §§ 352, 1108.) We review the trial court's evidentiary rulings for abuse of discretion. (*People v. Loy* (2011) 52 Cal.4th 46, 61.) We find none.

Generally, "evidence is inadmissible when offered by the opposing party to prove the defendant's conduct on a specified occasion ([Evid. Code] § 1101, subd. (a)), unless it involves commission of a crime, civil wrong or other act and is relevant to prove some fact (e.g., motive, intent, plan, identity) *other than a disposition to commit such an act* ([Evid. Code] § 1101, subd. (b))." (*People v. Falsetta* (1999) 21 Cal.4th 903, 911, emphasis in original.) Evidence Code section 1108 created an exception to this general rule, permitting the admission of "propensity" evidence in certain cases. Subdivision (a) of Evidence Code section 1108 provides, "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." (Evid. Code, § 1108, subd. (a).)

4

In *Falsetta* our Supreme Court held this statute did not violate a criminal defendant's due process rights because the trial court retains discretion to exclude propensity evidence under Evidence Code section 352. "Rather than admit or exclude every sex offense a defendant commits, trial judges must consider such factors as its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, it's likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*People v. Falsetta, supra* 21 Cal. 4th at p. 917.)

After considering these factors, the trial court has broad discretion to strike a balance between probative value and undue prejudice. "Evidence of previous criminal history inevitably has some prejudicial effect. But under [Evidence Code] section 1108, this circumstance alone is no reason to exclude it." (*People v. Loy, supra,* 52 Cal.4th at p. 62.) Instead, the probative value of the evidence to show appellant's disposition to commit the charged sexual offenses must be weighed against the probability that its admission will create a substantial danger of undue prejudice. (*People v. Soto* (1998) 64 Cal.App.4th 966, 984.) " ' "The prejudice which Evidence Code section 352 is designed to avoid is not the prejudice or damage to a defense that naturally flows from relevant, highly probative evidence." [Citations.] "Rather, the statute uses the word in its etymological sense of 'prejudging' a person or cause on the basis of extraneous factors." ' [Citations.] The potential for such prejudice is 'decreased' when testimony describing the defendant's uncharged acts is 'no stronger and no more inflammatory than the testimony concerning the charged offenses.' [Citations.]" (*People v. Eubanks* (2011) 53 Cal.4th 110, 144.)

5

Here, the trial court considered all of the relevant factors and performed the analysis required under Evidence Code section 352.[2] It concluded, with respect to the evidence regarding Tara T., that the probative value of appellant's uncharged sexual offenses outweighed the danger of undue prejudice. We agree. Appellant's uncharged sexual offenses against Tar a T. were substantially similar to the charged offenses against Jane Doe 1 and Jane Doe 2. Appellant had sexual intercourse with, and digitally penetrated Tara T., just as he did Jane Doe 1. All three victims were the same age when appellant began sexually assaulting them. Each sexual assault occurred in private, after the victim's mother left the victim in appellant's care. Each victim testified that appellant was her "godfather" and acted as a father figure during her childhood. The facts of appellant's assaults on Tara T. were not particularly inflammatory when compared to the charged offenses. It is not reasonably probable that the jury would be so disturbed by evidence of Tara T.'s ordeal that it would convict appellant of the charged offenses to indirectly punish him for those offenses, rather than for the charged crimes. (See, e.g., *People v. Loy, supra*, 52 Cal.4th at p. 61.)

Appellant forfeited review of the trial court's decision to admit the evidence concerning Christina Johnson because he abandoned his objection to that evidence. (*People v. Demetrulias* (2006) 39 Cal.4th 1, 20-21.) Had the issue not been forfeited, we would reject it because the evidence was properly admitted under Evidence Code section 1108. Johnson was similar in age to Jane Doe 1 and Jane Doe 2 when the assault occurred. In addition, appellant used force to pull Johnson onto his lap, try to kiss her and keep her from getting up, just as he used force to subdue Jane Doe 1 and Jane Doe 2 while he committed sexual offenses against them. The evidence was not unduly prejudicial under Evidence Code section 352 because it involved only one incident that was much less serious than the charged offenses.

---

[2] In this regard we note the trial court excluded evidence that appellant molested his sister in 1990, that he raped a 15-year old girl in 1998, and that he had a year-long sexual relationship with a 16-year old girl. The trial court reasoned these incidents were too remote in time or were too dissimilar from the charged offenses to be admissible under Evidence Code sections 1108 and 352.

Appellant's final contention is that *People v. Falsetta, supra,* was wrongly decided because Evidence Code section 1108 violates the due process and equal protection rights of those accused of sexual offenses.  Our Supreme Court recently affirmed the constitutionality of Evidence Code section 1108.  (*People v. Loy, supra,* 52 Cal.4th at pp. 60-61.)  We are bound by that decision.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.


7

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____

Vanessa Place, under appointment by the Court of Appeal, for Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Marc A. Kohm, Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.